**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | ID No. 1805010686 |
| | ) | |
| SHAUN C. BINGHAM, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Date Submitted:  May 6, 2024
Date Decided:  June 11, 2024

## <u>ORDER</u>

Upon consideration of Defendant Shaun C. Bingham's Letter Motion for Sentence Modification ("Motion"),[1] Superior Court Criminal Rule 35(b), statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

(1)    On January 7, 2019, Bingham pled guilty to Robbery First Degree (IN18-05-1109), Robbery Second Degree (IN18-05-1099), and Attempted Robbery Second Degree (IN18-05-1100).[2]  By Order dated May 10, 2019, effective May 18, 2018, the Court sentenced Bingham as follows: for Robbery First Degree, 10 years at Level V,[3] suspended after 5 years for 1 year Level IV CREST, suspended after

---

[1] D.I. 30.
[2] D.I. 8.
[3] The first five years of this sentence are mandatory.

successful completion for 1 year at Level III CREST AFTERCARE; for Robbery Second Degree, 5 years at Level V, suspended after 15 months for 1 year Level III; and for Attempted Robbery Second Degree, 5 years at Level V, suspended after 15 months for 1 year Level III.[4]

(2)    On January 8, 2024, the Court modified Bingham's sentence to remove "Level V Key Programming and Level IV Residential treatment in accordance with 11 *Del. C.* § 6530 and Department of Correction ("DOC") Policy 4.6 Classification."[5]  Bingham's Level IV sentence changed to "DOC Discretion" and "CREST" and "CREST AFTERCARE" were eliminated.[6]

(3)    On May 6, 2024, Bingham filed the instant Motion.[7]  In his Motion, Bingham states he has started treatment at Level V in the "R2R Program," and asks the Court to suspend the Level IV portion of his sentence upon completion of the R2R Program.[8]  In support of his Motion, Bingham states that his support system is in South Carolina and that without his Level IV sentence he would be able to begin the process of transferring his probation to South Carolina.[9]

(4)    Rule 35(b) governs motions for modification or reduction of sentence.[10]

---

[4] D.I. 9.  Bingham's probation is to run concurrently.  *Id.*
[5] D.I. 29.
[6] *Id.*
[7] D.I. 30.
[8] *Id.*
[9] *Id.*
[10] Super. Ct. Crim. R. 35(b).

Under Rule 35(b) the Court may "reduce the fine or term or conditions of partial confinement or probation, at any time."[11]   Rule 35(b) also mandates that "[t]he [C]ourt *will not* consider repetitive requests for reduction of sentence."[12]   The Delaware Supreme Court held in *Teat v. State*, that while motions for modification of partial confinement are not subject to Rule 35's Level V time-bar, they are subject to the bar against repetitive motions.[13]   "[T]his bar is absolute and flatly 'prohibits repetitive requests for reduction of sentence.'"[14]

(5)     This is Bingham's *fifth* motion for modification of sentence.[15]

(6)     Level IV is "a highly structured community-based supervision setting" and an important factor in a Court's sentencing scheme.[16]   Bingham asks the Court to consider the Level V R2R Program as the equivalent of the program he believes he will be required to complete at Level IV.[17]   DOC evaluates and determines the appropriate Level IV programming.   As part of Bingham's sentence he is encouraged

---

[11] Super. Ct. Crim. R. 35(b); *see also State v. Redden*, 111 A.3d 602, 609 (Del. Super. 2015) (holding that "[a] motion for modification of partial confinement or probation is not subject to the ninety-day limitation applicable to a motion for reduction of imprisonment.").

[12] Super. Ct. Crim. R. 35(b) (emphasis added).

[13] *See* 31 A.2d 77 (TABLE), 2011 WL 4839042, at *1 (Del. 2011); *see also State v. Bennett*, 2015 WL 1746239, at *2 (Del. Super. Apr. 13, 2015) ("While [Defendant's] motion – one seeking modification of a term of partial confinement or probation – is not subject to Rule 35's 90–day time bar, it can and should be denied because it is repetitive.").

[14] *State v. Redden*, 111 A.3d at 609 (quoting *Thomas v. State,* 2002 WL 31681804, at *1 (Del. Nov. 25, 2002)).

[15] *See* D.I. 11, 13, 15, 19.

[16] *See State v. Redden*, 111 A.3d at 609.

[17] D.I. 30.

to undergo substance abuse treatment at Levels V, IV, and III.[18]  A term of Level IV supervision will facilitate Bingham's treatment, rehabilitation, and transition after incarceration. [19]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Bingham's Letter Motion for Sentence Modification is **DENIED**.


_/s/ Jan R. Jurden_

Jan R. Jurden, President Judge

Original to Prothonotary

cc:    Dominic A. Carrera, DAG
         Shaun C. Bingham (SBI # 00574490)

---

[18] *See* D.I. 29.
[19] *See State v. Bennett*, 2015 WL 1746239, at *2.